Mahesh **GALAL**, individually and as Trustee of the Galal Family Trust; et al., Plaintiffs—Appellants,

v.

**CITY OF LONG BEACH, a municipal corporation, Defendant—Appellee.**

No. 03–56854.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Sept. 22, 2005.

Frank A. Weiser, Esq., Los Angeles, CA, for Plaintiffs–Appellants.

William A. Reidder, Randall C. Fudge, Office of the City Attorney, Long Beach, CA, for Defendant–Appellee.

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiffs–Appellants Mahesh Galal, et al. ("Galals") filed a 42 U.S.C. § 1983 claim against the City of Long Beach ("City") alleging the City's failure to obtain an administrative warrant prior to its demolition of the Galals' vacant and condemned apartment buildings violated the Fourth Amendment. The facts and procedural history of the case are known to the parties and are not recounted here.

The district court correctly concluded that the City is not liable under *Monell v. Department of Social Services City New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) for failing to obtain an administrative warrant. First, the City had a policy of obtaining administrative warrants prior to the demolition of condemned structures. *Id.* at 691, 694, 98 S.Ct. 2018 (holding that municipal governments are liable for the acts of employees executing government policy or custom and are not liable under a theory of *respondeat superior*). Building officer Derheim's decision not to obtain a warrant contravened this policy. Second, Derheim was a subordinate employee without policymaking authority because he did not have final authority to establish municipal policy with respect to obtaining administrative warrants. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Nor was the municipality the "moving force" behind the alleged injury. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Moreover, there is no evidence that principal building officer Wiersma instructed, ratified or otherwise acquiesced in Derheim's decision not to obtain the

---

warrant. *Praprotnik,* 485 U.S. at 126–27, 108 S.Ct. 915. Third, the Galals failed to present a genuine issue of material fact that the City failed to properly train Derheim such that the City is liable for Derheim's decision not to obtain a warrant. *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Because we find the *Monell* issue dispositive, we do not reach the issue of whether the Fourth Amendment required the City to obtain an administrative warrant prior to demolishing the buildings at 1099–1099½ Long Beach Boulevard.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.